UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH and
PATRICIA LEE THOMPSON,

        Plaintiffs,

v.                                  Case No.  23-cv-13209
                                     Honorable Jonathan J.C. Grey

PUBLIC INTEGRITY UNIT, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER DENYING THE MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE CIVIL RIGHTS COMPLAINT

**I.    INTRODUCTION**

This matter is before the Court on the plaintiffs' pro se "Complaint for Civil and Criminal Action." (ECF No. 1.) Plaintiff Derrick Lee Smith is a Michigan inmate presently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Plaintiff Patricia Lee Thompson is a civilian residing in Brownstown Township, Michigan. The complaint appears to challenge Smith's state criminal convictions of four counts of first-degree criminal sexual conduct, which were imposed

following a nolo contendere plea in the Wayne County Circuit Court. (ECF Nos. 1, 5.)

Plaintiffs claim that the named defendants have violated federal criminal statutes, including 18 U.S.C. § 371 (conspiracy to defraud the United States) and 18 U.S.C. § 641 (theft of government property), by misappropriating public funds during the investigation and prosecution of Smith's criminal case. Plaintiffs name the Wayne County Prosecutor's Office Public Integrity Unit, Wayne County Prosecutor's Office, the Wayne County Prosecutor, an assistant prosecutor, several Wayne County divisions, the Wayne County Sherriff's Department, Deputy Patricia Penman, Wayne County Corporation Counsel, attorney Kristoffer Butler, the Executive of Wayne County, and the victim as defendants in this action. Plaintiffs seek monetary damages, as well as the initiation of a criminal investigation.

## II.   DISCUSSION

As an initial matter, the Court notes that neither plaintiff Smith nor plaintiff Thompson have paid the $350.00 filing fee and the $52.00 administrative fee for this action. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, § 14, foll. 28 U.S.C. § 1914(a). Plaintiffs also

2

have not submitted all the necessary documents required to proceed without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. All individuals, both prisoners and non-prisoners, who seek to proceed in forma pauperis in federal court must file a form or affidavit that states all the assets possessed by that individual, and the failure to file the required information mandates that the request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Moreover, state inmates are required to submit a certified copy of their trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). It does not appear that plaintiffs complied with their obligation to provide the Court the documents required to proceed in forma pauperis.

Moreover, plaintiff Smith is a three-strike filer under 28 U.S.C. § 1915(g) due to his filing of three or more lawsuits that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Such filers are not allowed to proceed without prepayment of the filing fee (i.e. in forma pauperis) absent a showing that they are under

3

imminent danger of serious physical injury. *See Smith v. Penman, et. al.*, No. 20-12052 (E.D. Mich. Feb. 18, 2021); *Smith, et. al. v. Unis, et. al.* No. 19-12219 (E.D. Mich. Aug. 22, 2019); *Smith v. Hall et al.*, No. 18-277 (W.D. Mich. Apr. 3, 2018); *Smith v. Wayne Cnty. Prosecutor's Office, et al.*, No. 09-12287 (E.D. Mich. June 25, 2009). Therefore, plaintiff Smith is precluded from proceeding in forma pauperis unless he satisfies the imminent danger exception. As the complaint involves matters outside of his confinement, the Court finds that plaintiff Smith does not make the requisite showing.

Additionally, and alternatively, the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious,

4

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a *pro se* civil rights complaint is to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

First, to the extent that any of the allegations in the complaint concern the validity of plaintiff Smith's state criminal proceedings, his claims are precluded under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of

6

habeas corpus under 28 U.S.C. § 2254). This is true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

In this case, the allegations in the complaint appear to concern the integrity of plaintiff Smith's state criminal proceedings. Consequently, those claims are barred by *Heck,* and the complaint must be dismissed.

Second, plaintiffs request that the Court initiate a criminal investigation against defendants for their alleged criminal violations. However, plaintiffs cannot seek relief in the form of demanding that criminal charges be brought against defendants. Plaintiffs do not have

7

standing to file a criminal complaint because a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (collecting cases). This Court lacks the authority to compel state or federal officials to bring criminal charges. *See Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, at *2 (6th Cir. Sept. 23, 2021) (affirming district court's dismissal of a state prisoner's complaint requesting that the court compel a criminal investigation or prosecution of private citizens).

The Court further finds that the complaint does not clearly allege any constitutional violations or discernible injuries with respect to plaintiff Thompson, nor does it request specific relief on her behalf. As such, the complaint is also subject to dismissal, in part, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons stated, the Court concludes that: (a) plaintiff Smith and plaintiff Thompson have not paid the required fees for this action nor submitted complete applications to proceed in forma pauperis; (b) plaintiff Smith is a three-strike filer who is not allowed to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(g); (c) the complaint fails state a claim upon which relief may be granted under 42 U.S.C. § 1983; and (d) the complaint fails to comply, in part, with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES** the civil rights complaint.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2024

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2024.

s/ S. Osorio<br>Sandra Osorio<br>Case Manager